MONROE, Judge,
concurring in part and dissenting in part.
I agree that there is not substantial evidence of wantonness and, therefore, that summary judgment should be affirmed as to the McCarthys’ wantonness claim. However, I believe that there is substantial evidence of a genuine issue of material fact as to the McCarthys’ negligence claim and, therefore, I must respectfully dissent from the majority’s affirmance of summary judgment on the negligence claim.
The majority finds that the danger of the grassy slope where Ashley McCarthy fell was known to him and/or obvious. However, viewing the evidence in a light most favorable to the McCarthys, a genuine issue of material fact exists as to whether the danger was known to McCarthy and/or obvious. In his deposition, Ashley McCarthy testified that he had not seen anyone fall down the slope before the day of the accident, except for an intoxicated person. He further testified that, on the day of the accident, he was about halfway down the slope when his brother fell. At that point, he went over to the handrail. He then slipped and fell. Therefore, when he started down the slope, the danger of falling was not known to him or obvious.
Additionally, in his interrogatory answers, McCarthy stated that he tripped in a pothole, which caused him to fall. In his deposition, he stated that his foot “popped” when he slipped from the grass into a “dirt area” or a “clay area.” This is not inconsistent with his interrogatory answer that he tripped in a pothole. The record reveals that, even if McCarthy had knowledge of the danger of the grassy slope, or if it was obvious, he still did not have knowledge of any potholes, or clay or dirt areas, and they were not obvious.
The majority also finds that there was no evidence to indicate that the raceway should have anticipated the harm that occurred to Ashley McCarthy. However, the raceway employee in charge of maintaining the premises, including the grassy slope, testified in deposition that clay, dirt, and grass areas were sometimes washed out by rain and that he filled those holes every two or three months. Additionally, Ashley McCarthy testified that he had witnessed a number of people descending the grassy slope in the past, including a raceway official.
I believe that these facts provide substantial evidence of a genuine issue of material fact as to the McCarthys’ negligence claim. I would reverse the summary judgment on the negligence claim.